UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO.  7:08-216-KKC

EQUITABLE GATHERING, LLC,                                                    PLAINTIFF,

v.                                          **OPINION AND ORDER**

OMAN J. CAUDILL, ET AL.                                                  DEFENDANTS.

* * * * * *

This matter is before the Court on the Defendants' Motion to Dismiss (DE 12) and various

other motions filed by the parties.  For the following reasons, the Court will DENY the Defendants'

Motion to Dismiss but will stay this action pending resolution of a parallel state court action

currently pending in Knott Circuit Court.

> ### I.    BACKGROUND.

In its Complaint, the Plaintiff Equitable Gathering, LLC asserts that the Defendants have

interfered with Equitable's right to construct a gas pipeline on and/or under the Defendant's property

located in Knott County, Kentucky.  Equitable asserts that it was granted the right to construct the

pipeline  by certain easements and a Mineral Deed. In its Complaint, Equitable asked the Court to

permanently enjoin the Defendants from denying it access to the property at issue.[1]  It also asked for

compensatory damages.

---

[1]  Equitable also filed a Motion for Preliminary Injunction. (DE 2). However, since that time, in a Motion
for Leave to File Amended Complaint (DE 16), Equitable explained that its request for injunctive relief has been
rendered moot because the Defendants have permitted it to construct the pipeline on the property.  Accordingly, the
Motion for Preliminary Injunction (DE 2) will be denied as moot.  Equitable continues to seek compensatory
damages.

## II.    ANALYSIS.

The Defendants move to dismiss the action, asserting that Equitable had already filed a Complaint against the Defendants in Knott Circuit Court that is essentially identical to this Complaint.[2]  That state court action was filed on October 27, 2008.  (DE 15, Ex. 1).  However, on November 14, 2008, Equitable voluntarily dismissed that state court action.  (DE 15, Ex. 6).

In their Motion to Dismiss, the Defendants first argue that Equitable waived its right to invoke this Court's diversity jurisdiction when it first filed the state court action.  The Defendants have cited no case law in support of this proposition.  Most of the cases cited by the Defendants deal with a defendant's waiver of the right to remove a case from state to federal court.  *See Rosenthal v. Coates*, 148 U.S.142 (1893); *Hill v. Citicorp*, 804 F.Supp. 514 (S.D.N.Y. 1992); *Zbranek v. Hofheinz*, 727 F.Supp. 324 (E.D.Tex. 1989); *McKinnon v. Doctor's Associates*, 769 F.Supp. 216 (E.D. Mich. 1991); *Queen v. Dobson Power Line Const. Co.*, 414 F.Supp.2d 676 (E.D.Ky. 2006). No case cited by the Defendants or located by this Court stands for the proposition that a Defendant waives his right to file a federal action when he first files a state action that he voluntarily dismisses.

In the alternative, the Defendants argue that the Court should dismiss this case in light of the principles of abstention set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  "[T]he doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of the District court to adjudicate a controversy properly before it." *Id.* at 813 (citation and quotations

---

[2]  On the Motion to Dismiss, Equitable moved for leave to file a sur-reply (DE 18).  In their pleading opposing the Motion for Leave to File Sur-reply, the Plaintiffs include a "rejoinder" to the sur-reply.  The Court has considered the rejoinder. Thus, it will grant Equitable's Motion for Leave to File Sur-reply and direct that it be filed in the record.

omitted).

To determine whether this Court should abstain from this matter under the *Colorado River* Doctrine, the Court must first determine if there is a "parallel" state court proceeding. *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998).

There are actually two state actions at issue here. The first was the action filed by Equitable which it later voluntarily dismissed. Defendants state in a footnote that they have filed a "motion to re-docket" Equitable's state court action. However, that motion was denied. (DE 15, Ex. 8). The Defendants in this action also argue that Equitable's state action continues because the Defendants filed a Counterclaim in that action. However, the state court's denial of the motion to redocket the case effectively ended the entire first state court action.

The second state action was filed by the Defendants in this action. The Defendants filed it after Equitable dismissed the first state court action and filed this federal action. (DE 15, Ex. 13). The Court will refer to this second state action as the "Second State Action."

Based on the record currently before the Court, the Second State Action is still pending. Accordingly, it may be a "parallel" action under Colorado River. Actions are considered parallel if the parties are substantially similar and the claims arise from the same material facts. *Romine*, 160 at 340.

Equitable is a defendant in the Second State Action and Penny J. Caudill and Oman J. Caudill – the Defendants in this federal action – are the plaintiffs in the Second State Action. There are two defendants in addition to Equitable in the Second State Action: Chris Ritchie and Jackie Kirk, both of whom are Kentucky residents. In addition, there is one party in this action – Defendant Lonzo Hundley – that does not appear in the Second State Action. However, there is substantial similarity

between the parties in the state and federal actions.

The Second State Action and this federal action also arise from the same set of facts. In this action, Equitable charges that the Caudills interfered with their right to lay pipeline on and under certain land in Knott County. In the Second State Action, the Caudills charge that Equitable trespassed when it entered on the same tract of land in Knott County to lay the pipelines at issue. Accordingly, the Second State Action and this action are parallel.

From *Colorado River*, federal courts have extrapolated six factors that may be weighed when considering abstention: (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state-court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 886 (6th Cir. 2002). Nevertheless, "the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 16 (1983).

Consideration of four of these factors weighs in favor of abstention. The remaining four factors are neutral.

The first factor is neutral as it does not appear that the state has assumed jurisdiction over any res or property claims.

4

The second factor – the convenience of the federal forum – weights slightly in favor of abstention as the property and the three Defendants are located in Knott County, which is where the state court is located. This Court is located in Pike County which is a little less than 60 miles away from the Knott County courthouse.  As for Equitable, it asserts that the Knott County and Pikeville courthouses would be equally convenient for it.

The third factor – concern over piecemeal litigation – weighs in favor of abstention. "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341.  Here, this Court and the state court are asked to adjudicate precisely the same issue:  whether Equitable has a right to construct pipelines and other associated activities on and under the Knott County property. If both courts undertake to resolve that issue, there will most certainly be a duplication of judicial efforts and a potential for conflicting outcomes.

The Court will blend its consideration of the fourth and seventh factors, with the focus "on "the relative progress of the state and federal proceedings." *Bates v. Van Buren Township*, 122 Fed. Appx. 803, 807 (6th Cir. 2004); *See also Moses*, 460 U.S. at 21-22 ("priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.  *Colorado River* illustrates this point well.  There, the federal suit was actually filed first.  Nevertheless, we pointed out as a factor favoring dismissal 'the apparent absence of any proceedings in the District Court' other than the filing of the complaint, prior to the motion to dismiss.'").

This action was filed on November 19, 2008.  The state-court action was filed about a month and a half later, on January 5, 2009. (DE 15, Ex. 13). However, based on the record currently before

the Court, it does not appear that either action has progressed significantly. Accordingly, the fourth and seventh factors are neutral.

The fifth factor weighs in favor of abstention as this matter does not involve any issues of federal law but instead involves only state law issues. The sixth factor weights in favor of abstention as there is no reason the state court could not protect Equitable's rights. As to the eighth factor, it is not a consideration here because there is no federal law issue. Accordingly, it is a neutral factor.

In determining whether abstention is warranted in this matter, the Court finds most significant the fact that this federal matter involves only the resolution of a state law issue; that the state court has been asked to resolve the same issue; that judicial resources would most certainly be duplicated if both courts undertake to resolve the issue; and that there is a risk of conflicting outcomes. The Court finds that it should abstain from deciding the state law issue and, thus, will stay this action pending resolution of the State Action. *See Bates*, 122 Fed. Appx. at 809 (requiring a stay of proceedings rather than a dismissal in *Colorado River* abstention cases).

### III.    CONCLUSION.

For all these reasons, the Court HEREBY ORDERS as follows:

1)    Equitable's Motion for Leave to File Sur-reply (DE 18) is GRANTED and the Clerk of the Court is DIRECTED to file the tendered sur-reply in the record;

2)    Equitable's Motion for Preliminary Injunction (DE 2) is DENIED as moot;

3)    The Defendants' Motion to Dismiss is DENIED (DE 12);

4)    Equitable's Motion for Leave to File Amended Complaint (DE 16) is GRANTED and the Clerk of the Court is DIRECTED to file the tendered Amended Complaint in the record;

5)    This action is STAYED pending resolution of the Second State Action; and

6)      The Plaintiffs SHALL file by **January 15, 2010** a status report detailing the status of the

Second State Action.

Dated this 10th day of September, 2009.

Signed By:

_**Karen K. Caldwell**_

**United States District Judge**