UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:08-216-KKC

EQUITABLE GATHERING, LLC, PLAINTIFF,

v. **OPINION AND ORDER**

OMAN J. CAUDILL, ET AL. DEFENDANTS.

\* \* \* \* \* \*

This matter is before the Court on the Plaintiffs' Motion to Alter or Amend Order Staying Proceedings (DE 23). With its motion, the Plaintiff asks this Court to vacate its opinion staying this proceeding, pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), in light of a parallel action in Knott Circuit Court.

In its Complaint in this Court (DE 22), the Plaintiff Equitable Gathering, LLC asserts that, for approximately three months, the Defendants interfered with its right to construct a gas pipeline on and/or under the Defendant's property located in Knott County, Kentucky. Equitable asserts that it was granted the right to construct the pipeline by certain easements and a Mineral Deed. It seeks compensatory damages it claims it suffered as a result of its inability to complete the pipeline during the three-month period.

In the state action at issue, the Defendants in this federal action – Penny J. Caudill and Oman J. Caudill – are the plaintiffs. They assert that Equitable trespassed when it entered on the same tract of land in Knott County to lay the pipelines at issue.

In its prior opinion, this Court stayed this case under the principles of abstention set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). "[T]he doctrine

of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of the District court to adjudicate a controversy properly before it." *Id.* at 813 (citation and quotations omitted).

From *Colorado River*, federal courts have extrapolated six factors that may be weighed when considering abstention: (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state-court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 886 (6th Cir. 2002). Nevertheless, "the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 16 (1983).

In its prior opinion, the Court determined that consideration of four of these factors weighs in favor of abstention. The remaining four factors are neutral. The Court clarifies that the factors that it determined to be "neutral" weigh in favor of maintaining the status quo, *i.e.*, exercising federal jurisdiction.

The Court determined that the first, fourth, seventh, and eight factors were neutral. This is because the state has not assumed jurisdiction over any property; the state action had not progressed significantly more than the federal action; and there is concurrent jurisdiction over the state law

2

claims which are the only claims in this action. Thus, if these were the only factors to consider, the Court would exercise jurisdiction over this action.

The Court determined that the other four factors, however, weighed in favor of abstaining. The federal forum is less convenient to the parties and the property at issue is located in Knott County, thus weighing slightly in favor of abstention, and there is no reason to doubt that the Plaintiff's rights would not be protected in state court. The Court found most significant the fact that this federal matter involves only the resolution of a state property law issue; that the state court has been asked to resolve the same issue; that judicial resources would most certainly be duplicated if both courts undertake to resolve the issue; and that there is a risk of conflicting outcomes.

The Court continues to find that these factors are significant in this matter and weigh in favor of abstaining. For these reasons, the Court hereby ORDERS that the Plaintiffs' Motion to Alter or Amend Order Staying Proceedings (DE 23) is DENIED.

Dated this 30th day of April, 2010.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge